**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re,<br><br>James Defeo, Jr.,<br><br>Debtor(s). | C/A No. 20-03738-JW<br><br>Adv. Pro. No. 21-80011-JW<br><br>Chapter 13 |
| James Defeo, Jr.,<br><br>Plaintiff(s),<br><br>v.<br><br>Winyah Surgical Specialists, P.A. doing business as Winyah Surgical Specialists,<br><br>Defendant(s). | **ORDER ON DEFENDANT'S MOTION TO COMPEL DISCOVERY** |

This matter comes before the Court on the Motion to Compel Discovery ("Motion") filed by the Plaintiff, James Defeo, Jr. ("Plaintiff"), on June 21, 2021. Defendant, Winyah Surgical Specialists, P.A., doing business as Winyah Surgical Specialists ("Defendant"), filed an objection to the Motion on June 21, 2021. For the reasons stated below, the Court denies the Motion. Pursuant to Fed. R. Civ. P. 52, which is made applicable to this proceeding by Fed. R. Bankr. P. 7052, the Court makes the following findings of fact and conclusions of law.

**FINDINGS OF FACT**

This adversary proceeding was commenced by Plaintiff by the filing of a Complaint on February 15, 2021. The Complaint seeks damages for an alleged willful violation of the automatic stay by Defendant. On March 17, 2021, Defendant filed an Answer to the Complaint. On April 12, 2021, the Court entered Scheduling Order, which set deadlines for filing motions, concluding discovery and filing the joint pre-trial order. The Scheduling Order provided that all discovery

shall be concluded on or before June 14, 2021 and that motions compelling or objecting to discovery requests must be filed in accordance with SC LBR 7026-1. On May 4, 2021, Plaintiff served his First Requests for Production of Documents and First Set of Interrogatories on the Defendant. Defendant submitted its responses to Plaintiff's discovery requests on June 9, 2021, but asserted objections to some of the information requested. On June 18, 2021, Plaintiff filed the Motion. The Court conducted a hearing on the Motion on June 22, 2021.

**CONCLUSIONS OF LAW**

In connection with an adversary proceeding in the Bankruptcy Court, parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Bankr. P. 7026; Fed. R. Civ. P. 26. When a party fails to comply with a discovery request, the party seeking the discovery may move for an order compelling discovery pursuant to Fed. R. Civ. P 37(a)(1), which is made applicable in adversary proceedings pursuant to Fed. R. Bankr. P. 7037.

Plaintiff seeks an order compelling production of three categories of materials which Plaintiff asserts were not provided in Defendant's discovery responses: (1) expert witness disclosures, including a written expert report; (2) Defendant's tax returns; and (3) Defendant's employee training materials.

**1. Expert Witness Disclosures**

Plaintiff argues that Defendant did not fully respond to Interrogatory #5, which sought information regarding Defendant's expert witness, Daniel Reynolds, or Request for Production #4,

which sought a written expert report from Mr. Reynolds. Defendant's counsel attempted to communicate with Plaintiff's counsel to resolve the issue, but Plaintiff's counsel did not return her emails or phone calls. The day after the filing of the Motion, Defendant provided a written expert report from Mr. Reynolds in an effort to resolve the expert discovery issues. Plaintiff contends that the expert report is insufficient because it does not include the facts, data, and assumptions the attorney provided to the expert in order to allow the expert to develop the opinion stated in the report.

During the discovery period set forth in the Scheduling Order, Defendant presented the testimony of Mr. Reynolds on May 19, 2021, in connection with a hearing on a Motion for Sanctions filed in this case, regarding the issue of whether Plaintiff's counsel's inquiry into the facts prior to filing the Complaint was objectively reasonable. At that hearing, Plaintiff had the opportunity to cross examine Mr. Reynolds and ask him questions regarding the facts, data and assumptions that were provided to him by counsel which were relied upon him in preparing his expert opinion. Plaintiff contends that the presentation of Mr. Reynold's testimony at that hearing was improper due to lack of notice.

The Court treated the Motion for Sanctions as a contested matter under Fed. R. Bankr. P. 9014. Rule 9014(e) provides that the Court "shall provide procedures that enable parties to ascertain at a reasonable time before any scheduled hearing whether the hearing will be an evidentiary hearing at which witnesses may testify." In its Chambers Guidelines, the Court has established procedures that require the parties to present a joint statement of dispute prior to a contested hearing, which includes a report of witness that are expected to testify. Neither party filed a joint statement of dispute in advance of the hearing and therefore waived any objection on

grounds of lack of notice.[1] Even if there was no waiver, Rule 9014(c) expressly excludes the requirement of Fed. R. Civ. P. 26(a)(2)[2] to make disclosures regarding expert testimony in contested matters, unless the Court directs otherwise. To the degree that Plaintiff's counsel has received the expert report from Defendant's counsel and has use for it, the Court finds that Defendant's counsel has substantially complied with Rule 26(a)(2). Otherwise, the Court finds and orders that the submission of an expert report is unnecessary.

Accordingly, the Motion to Compel the production of the expert report is denied.

**2. Tax Returns**

Plaintiff seeks a copy of Defendant's 2018, 2019, and 2020 federal income tax returns with all schedules. Defendant objects to this request on the grounds of relevancy, that it is unduly burdensome, and that any probative value is not proportional to the needs of the case. Plaintiff argues that Defendant is self-insured and that Plaintiff needs to see what potential assets and income Defendant has to satisfy any judgment in this case and further argues that the tax returns will show what costs and expenses Defendant pays for training and/or materials for employees relating to Plaintiff's claims. In response, Defendant argues that Fed. R. Civ. P. 69, applicable through Fed. R. Bankr. P. 7069, provides the mechanism for discovery of assets and income Defendant has to satisfy any judgment in the case. Defendant further argues that the tax returns would not provide the information that Plaintiff seeks.

The Court finds that the federal income tax returns are not necessary at this stage of the litigation to determine if the Defendant can respond to a judgment, and further finds that it is not

[1] In addition, the Court offered to continue the Motion for Sanctions hearing for the purpose of allowing Plaintiff to present rebuttal expert witnesses or other evidence and Plaintiff's counsel declined this opportunity.

[2] Federal Rule of Civil Procedure 26(a)(2)(B) requires a party to include a written report of any witness that is retained or specially employed to provide expert testimony when the party discloses to other parties the identity of any witnesses expected to be used at trial. "The rule's report requirement is meant in part to prevent prejudice created by last minute surprises." *Michelone v. Desmarais,* 25 Fed. Appx. 155, 158 (4th Cir. 2002).

reasonable or proportional to the needs of the case to seek the tax returns as a source of information to determine if training was provided to staff, particularly since the employee training materials have been separately requested and provided to Plaintiff by the Defendant, as discussed below.

Accordingly, the Motion to Compel production of the federal income tax returns is denied.

**3. Employee Training Materials**

Finally, Plaintiff seeks the documents, manuals, and training materials, including audio and/or video tapes used in training, overseeing, or supervising Defendant's personnel/employees/agents regarding computer generated mailings to patients/customers. Defendant objects to this request on the grounds of relevancy, that it is unduly burdensome, and that any probative value is not proportional to the needs of the case. Notwithstanding the objection, Defendant agreed to make the training materials available to Plaintiff for inspection upon reasonable notice, at a time mutually convenient to the parties, on or before July 7, 2021. Despite being provided with the opportunity to inspect the materials, Plaintiff continues to assert that Defendant should be required to provide copies of the training materials directly to Plaintiff. During the hearing, the Court inquired as to the volume of training materials in Defendant's possession and left the matter open in order for Defendant's counsel to contact Defendant and determine whether the materials could be feasibly provided directly to Plaintiff's counsel. Following the hearing, Defendant's counsel reported to chambers by e-mail that the training materials had since been provided to Plaintiff's counsel as supplemental discovery responses. Accordingly, the Court finds the Motion to Compel as to the employee training materials is moot.

**4. Request for Attorney's Fees**

Plaintiff further seeks an award of reasonable attorney's fees and costs for the filing of the Motion. Defendant objects to this relief on the grounds that Plaintiff's counsel failed to consult

with Defendant's counsel in a meaningful way to resolve the matter before the motion was filed. Defendant requests that the Court order Plaintiff and/or his counsel to pay all costs and expenses of Defendant in responding to the Motion.

When filing a motion to compel discovery pursuant to Fed. R. Civ. P. 37(a) and Fed. R. Bankr. P. 7037(a), counsel is required to certify that "movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Similarly, South Carolina Local Bankruptcy Rule 7026-1(c) also provides that "[a]ny motion concerning discovery matters must contain a certification that counsel has conferred and explored with opposing counsel, or has in good faith attempted to confer and explore, the possibility of resolving the discovery matters in controversy." While Plaintiff's Motion includes such a statement, the reports from counsel at the hearing indicate that Plaintiff's counsel was not responsive to Defendant's counsel's efforts to resolve the discovery dispute prior to the filing of the Motion to Compel.[3] At the hearing, Plaintiff's counsel did not dispute that he did not return Defendant's counsel's emails or phone calls prior to filing the Motion. Plaintiff's counsel also admitted that he refused to provide his billing records as requested by Defendant in order to determine the amount of attorney's fees sought by Plaintiff as damages in this matter.

---

[3] Copies of emails between counsel which were attached to Defendant's objection, indicate that Plaintiff's counsel first notified Defendant's counsel of the discovery dispute by email sent on June 9, 2021 at 5:32 PM, after office hours. Defendant's counsel responded to Plaintiff's counsel's email by email on June 11, 2021, indicating that she would review the matter and respond by June 16, 2021. On June 16, 2021, Defendant's counsel sent a letter to Plaintiff's counsel in which she supplemented the discovery responses and asked that he call her if there was still an issue concerning the responses. At 10:00 PM on June 17, 2021, Plaintiff's counsel sent an email indicating that he was unable to respond because he was busy preparing the Motion and drafting the memorandum of law in support of the Motion. In that email, he stated that he intended to file the Motion by close of business on June 18, 2021, absent meaningful settlement negotiations occurring between counsel. Defendant's counsel sent an email at 9:29 AM on June 18, 2021 asking Plaintiff's counsel to call her to discuss the discovery matters that were still in dispute. Defendant's counsel then called Plaintiff's counsel shortly before 12:40 PM and left a message again asking for Plaintiff's counsel to call her to see if they could resolve the discovery dispute, and then at 12:40 PM sent a follow up email asking Plaintiff's counsel to return her call to discuss the discovery dispute. Defendant's counsel reported to the Court that Plaintiff's counsel did not return these emails or phone calls prior to filing the Motion.

Under the circumstances, the Court finds that Plaintiff's counsel did not make a good faith effort to confer and explore the possibility of resolving the discovery matters in controversy as required by Fed. R. Civ. P. 37, Fed. R. Bankr. P. 7037 and SC LBR 7026-1. Plaintiff's counsel's nonresponsiveness to Defendant's counsel's requests to confer in an effort to resolve the discovery dispute is contrary to the purpose and ideals of the Federal Rules regulating discovery. Accordingly, the Court finds that Plaintiff is not entitled to an award of attorney's fees and costs for filing the Motion.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion is denied. Under the circumstances of this case, the Court finds that an award of attorney's fees and costs to either party would be unjust. Therefore, both parties' requests for attorney's fees and costs incurred as a result of the Motion are denied.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**07/01/2021**

Entered: 07/01/2021

US Bankruptcy Judge
District of South Carolina